IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **FREDDIE LEE WALKER** | * | **CIVIL ACTION NO. 03-0154** |
| **VERSUS** | * | **JUDGE STAGG** |
| **CADDO PARISH SHERIFF STEVE PRATOR, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a motion for partial summary judgment filed by pro se plaintiff, Freddie Lee Walker, (Document No. 37) and a motion for summary judgment for failure to exhaust administrative remedies and, alternatively, on the merits, filed by defendants Caddo Parish Sheriff Steve Prator, John Sells, Deputy Michell, Deputy Harris, Deputy Egan, Deputy Gay, Dorothy Sutton, and David Boone. (Document No. 39). For reasons stated below, it is recommended that the defendants' motion for summary judgment on the basis of failure to exhaust administrative remedies be **GRANTED, and this matter be Dismissed without prejudice**.

**In the alternative, it is recommended that the defendants' motion for summary judgment on the merits of the complaint be GRANTED and that the plaintiff's be DENIED**.

## PROCEDURAL HISTORY

Plaintiff filed this action on January 29, 2003, claiming that the defendants violated his civil rights. On June 3, 2005, plaintiff filed a motion for partial summary judgment on the issue of liability. (Doc. 37). On July 6, 2005, defendants filed an opposition to plaintiff's motion. (Doc. 42). On June 9, 2005, defendants filed a cross-motion for summary judgment on the bases

1

that plaintiff failed to exhaust his administrative remedies, and that, even if the case were allowed to proceed, there is no evidence which would allow the plaintiff to recover on the merits. (Doc. 39). Plaintiff filed no formal opposition to the defendants' cross motion; however, to the extent that the plaintiff's motion contradicts the defendants', the undersigned reviewed and considered the evidence submitted in support of the plaintiff's motion in reaching a determination of the defendants' motion.

## LAW AND ANALYSIS

Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(b); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995).

Failure to Exhaust Administrative Remedies

The undisputed facts show that while the plaintiff did file several initial complaints, he did not exhaust the administrative remedies in place at the Caddo Parish Sheriff's Office. There is a three step process set forth in the inmate handbook[1], and according to the affidavit of Capt. Rick Farris, plaintiff did not exhaust steps two or three in any of the instances that are the subject of his lawsuit. Exhaustion is a necessary prerequisite to filing suit. The Prison Litigation

---

[1] It is undisputed that plaintiff received a copy of the inmate handbook, as both parties state in their statements of uncontested facts.

2

Reform Act of 1995 amended section 1997e(a) of the Civil Rights of Institutionalized Persons Act of 1980, which now provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 USC §1997(e)(a). See, e.g., *Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1999) (claims dismissed even though exhausted several days after suit was filed).

The defendants have produced numerous complaints in the form of administrative remedy requests (ARP) filed by the plaintiff. The defendants further provide documentation showing that the Sheriffs' office timely responded to each one of these requests, but the plaintiff took no further action as required for exhaustion of his administrative remedies. In addition, the defendants have provided the affidavit of Captain Rick Farris, stating that plaintiff failed to exhaust administrative remedies regarding his complaint that he was subjected to "punitive" action having no legitimate penalogical objective. (Exhibit 1, Affidavit of Capt. Rick Farris, ¶2 - 5).

The plaintiff attached to his motion for partial summary judgment, four exhibits,( A, B, C, and D), as proof that he did attempt to complain of violations of his civil rights through the administrative remedy procedure. These documents, which are related to some of the complaints referred to in this lawsuit, are not part of the records submitted by the defendants. However, while the plaintiff's documents show that he initiated administrative remedy procedures, they fail to show that he exhausted his administrative remedies. If an inmate files an ARP request and there is no response to the prisoner's complaint within the prescribed period of time, the prisoner is required to proceed to the second step of the grievance process in order to exhaust his remedies. (Inmate Handbook, p. 73, paragraph H.1). Plaintiff's failure to provide evidence of his second or third step ARPs indicates that plaintiff has not exhausted his remedies. Available administrative remedies are exhausted when the

time limits for the prison's response to each step as set forth in the prison grievance procedures have expired and officials have not acted. See, e.g., *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1999).

The record shows that the plaintiff failed to exhaust his administrative remedies before filing this action; therefore, it is recommended that the motion for summary judgment filed by the defendants be **GRANTED**, **and that the complaint be dismissed without prejudice for failure to exhaust administrative remedies**.

## MERITS OF SUBSTANTIVE CLAIMS

Because the plaintiff did not exhaust the mandatory administrative remedies process prior to filing suit, it is not necessary to address the merits of his claims; however, if the court were to consider the plaintiff's claims on their merits, **it is recommended in the alternative that the defendants' motion for summary judgment be GRANTED and the plaintiff's DENIED**.

Legitimate Governmental Objective

The undisputed material facts as set out by defendants in their motion for summary judgment, as related to the merits of the plaintiff's complaint, are as follows:

1. Plaintiff was a convicted but unsentenced prisoner on a charge of illegal possession of a weapon and a pretrial detainee for a charge of felon in possession of a weapon at the time that his movement was restricted while on Behavior Management Status. On December 13, 2001 plaintiff pled guilty to the charge of illegal carrying of weapon but execution of sentence was deferred until February 8, 2002. (Exhibit 2, Criminal Minutes). Plaintiff then failed to appear for execution of sentence and a warrant was issued for his arrest. (Id.). Plaintiff was subsequently charged as a felon in possession of a firearm and was a pretrial detainee on that charge until December 2, 2003 when he pled guilty to that charge, but was awaiting execution of sentence on the other charge. (Id.); see also Exhibit 1, Affidavit of Capt. Rick Farris at ¶8.

2. Strictly enforced rules are necessary to maintain order in a direct supervision

facility and restrictions on the movement of inmates is necessary to more closely supervise and control the inmates' behavior and is not punitive in nature. Inmates who commit multiple violations are placed on Behavior Management Status and are restricted in movement within the same housing unit to which they are assigned. Such inmates, such as plaintiff, are not denied access to the law library, are not denied visitation, are not denied contact with counsel, are not denied recreation, and are not denied religious services, but are restricted on their movement within the same housing unit compared to other inmates. Such inmates require closer supervision than other inmates. (Affidavit of Capt. Farris, ¶7 and 12).

3. Plaintiff committed multiple infractions and was placed on Behavior Management Status in order to control the inmate's behavior and to permit more careful supervision of the inmate. (Affidavit of Capt. Rick Farris, ¶9).

4. It is not the policy of the Caddo Parish Sheriff's Office to show deliberate indifference to the needs or rights of inmates, including taking punitive action without due process or placing restrictions without legitimate penalogical objectives. (Affidavit of Capt. Rick Farris, ¶13).

5. Deputy Michell was not deliberately indifferent to the needs of plaintiff and did not issue punitive action or non-punitive action lacking legitimate penalogical objectives. (Exhibit 3, Affidavit of Deputy Mechell, ¶1).

6. The restrictions placed upon inmate Walker were in response to multiple violations of rules designed to permit the functioning of a direct supervision facility and enforcement of such rules and assessment of the amount of supervision necessary for such inmates has a legitimate penalogical purpose. (Affidavit of Capt. Rick Farris, ¶7 and 12).

The plaintiff did not respond to the motion for summary judgment filed by the defendants, and the evidence he presented in his own motion, other than his own conclusory allegations, does not contradict the above statements. It is well settled that it is entirely appropriate to place restrictions on an inmate if there is a "legitimate governmental objective" advanced by those restrictions. "[A] pretrial detainee cannot be subject to conditions or restrictions that are not reasonably related to a legitimate governmental purpose." *Hare v. City of Corinth*, 74 F.3d 633, 640 (5th Cir. 1996) *(en banc)*. Thus, accepting as true plaintiff's contention that he was a pretrial detainee, the issue before

5

this Court is whether there was a non-punitive "legitimate governmental objective" associated with the restrictions placed upon the inmate as opposed to whether the action was merely punitive. See, e.g., *Blakeney v. Rusk County Sheriff*, 89 Fed. Appx. 897, 2004 W.L. 442672 (5th Cir. 2004). The record shows that there was a legitimate non-punitive governmental objective to the restrictions placed upon the plaintiff.

Individual Liability

In addition, as is also pointed out by the defendants, without opposition from the plaintiff, when a claim is based on "episodic acts or omissions" of jail officials, the standard of subjective deliberate indifference is applicable. *Hare v. City of Corinth, supra*, at 643, 650. Plaintiff makes no particularized allegations regarding the individual defendants, other than Deputy Meshell. As is set forth in the Affidavit of Deputy Meshell, he had limited interaction with this inmate and was not deliberately indifferent. (SUF ¶6). Claims against individual defendants are also subject to a heightened pleading standard which has not been met by the plaintiff. Plaintiff must allege specific conduct or actions of the individual defendants which resulted in deprivation of his constitutional rights. See, e.g., *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Plaintiff is subject to a heightened pleading standard for claims against the individual defendants. *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 (5th Cir. 1992). Because the plaintiff's claims fail to satisfy the heightened pleading standard, the individual defendants are entitled to qualified immunity, even if the evidence presented by the plaintiff could support a finding of a constitutional violation.

*Monell* Liability

Although the claims against the Sheriff for a policy violation are not subject to the heightened

pleading standard governing claims against individuals, the description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory but must contain specific facts. *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997). The plaintiff has not made such allegations in this case. Plaintiff must identify a constitutionally deficient "policy" or "custom" that caused plaintiff's injury. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689, 98 S. Ct. 2018, 2027 (1978). The requirement of a custom, policy or practice insures that a political organization is held liable only for those deprivations resulting from the decisions of its officials whose acts may be fairly said to be those of the governmental entity. *Id.* at 694, 2027. As to the underlying constitutional claim, plaintiff again must demonstrate the subjective motivation of the state actor, "subjective deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996)(*en banc*). "[T]he episodic act or omission of a state official does not violate a pretrial detainee's constitutional right to be secure in his basic human needs…unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs." *Id.* at 647. Until that showing is made, there is no cognizable claim, and even if that showing could be made, plaintiff must next demonstrate that the indifference resulted from a policy or custom adopted and maintained with objective deliberate indifference. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff has failed to do so.

For the reasons stated above, **it is recommended, in the alternative, that summary judgment in favor of the plaintiff be DENIED, that summary judgment in favor of the defendants be GRANTED, and that this matter be dismissed with prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written

7

objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE